## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JACK PADGETT** | § | |
| **Complainant,** | § | |
| | § | |
| **v.** | § | **Case No. 4:11-cv-1099** |
| | § | **JURY DEMANDED** |
| | § | |
| **FIRST NATIONAL COLLECTION** | § | |
| **BUREAU , INC. and ASSET** | § | |
| **ACCEPTANCE** | § | |
| **Defendants.** | § | |

## COMPLAINT

1.    Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., placed telephone calls and sent letters into this District on behalf of Defendant, ASSET ACCEPTANCE.

## PARTIES

3.    Plaintiff, JACK PADGETT, is a natural person, and citizen of the State of Texas residing in Harris County, Texas.

4.    Defendant, FIRST NATIONAL COLLECTION BUREAU, INC.,

("FIRST NATIONAL "), is a corporation and citizen of the State of Nevada with its principal place of business at 610 Waltham Way, McCarran, Nevada 89434.

5.    Defendant, ASSET ACCEPTANCE, ("AAC") is a limited business at Suite 200, 8875 Aero Drive, San Diego, California 92123.

## FACTUAL ALLEGATIONS

6.    Defendants sought to collect from Plaintiff an alleged debt arising from transactions engaged in for personal, family or household purposes.

7.    Plaintiff defaulted on the alleged debt some time ago.

8.    After the alleged debt went into default, the original creditor sold the alleged debt.

9.    Defendant, AAC, purchased the alleged debt from the original creditor or a subsequent holder.

10.    Defendant, AAC, assigned the debt for collection to other debt collectors including but not limited to, Defendant, FIRST NATIONAL, who in turn sought to collect the alleged debt from Plaintiff.

11.    Defendant, AAC, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12.    Defendant, FIRST NATIONAL, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

13.    Defendant, FIRST NATIONAL, regularly collects or attempts to

2

collect debts for other parties.

14.     Defendant, AAC, is a "debt collector" as defined in the FDCPA.

15.     Defendant, FIRST NATIONAL, is a "debt collector" as defined in the FDCPA.

16.     At all times material to the allegations of this complaint, Defendant, AAC, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17.     At all times material to the allegations of this complaint, Defendant, FIRST NATIONAL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18.     Defendant, AAC, authorized other debt collectors including but not limited to Defendant, FIRST NATIONAL, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

19.     Other debt collectors including but not limited to Defendant, FIRST NATIONAL, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of AAC.

20.     Defendant, AAC, conveyed information to Plaintiff regarding the alleged debt through Defendant, FIRST NATIONAL'S telephone calls to Plaintiff.

21.     By virtue of its status as a debt collector, AAC, is vicariously liable to Plaintiff for FIRST NATIONAL'S violations of the FDCPA. See *Pollice v.*

*National Tax Funding, L.P.,* 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.,* 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC,* 465 F. Supp. 2d872, 876 (N.D. III. 2006). Defendant, FIRST NATIONAL, left the following message on Plaintiff's voicemail at his place of employment on or about February 3, 2011:

> "Hey Jack. It's Phil. I never received your call on Monday here. So looks like those arrangements were nullified. Go ahead and give me a call back so we can get these other arrangements set up for you. (800) 824-6191."

22.    Defendant, FIRST NATIONAL has called Plaintiff's work place twice after being instructed not to do so.

23.    The messages were a "communication" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Collection Div.,* Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

24.    Defendant, FIRST NATIONAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose its name and the purpose of its messages.

25.    Plaintiff incorporates Paragraph 1 through 24.

## COUNT I.
## FAILURE TO DISCLOSE PURPOSE OF CALL

26.    Defendant, FIRST NATIONAL, failed to disclose in the telephone

4

messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See *Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing,* 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.,* 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

Wherefore, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

27.    Plaintiff incorporates Paragraph 1 through 25.

28.    Defendant, FIRST NATIONAL, placed a telephone call to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone message in violation of 15 U.S.C. § 1692d(6). See *Valencia v The affiliated Group, Inc.,* Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT III
### VIOLATION OF THE TEXAS DEBT COLLECTION ACT

29.    Plaintiff incorporates Paragraphs 1 through 27.

30.    By stating failure to pay would cause increase amount due. On the alleged debt, Defendant, FIRST NATIONAL, willfully engaged in conduct the natural consequence of which is to harass in violation of Tex. § 392.304(a)(13).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT IV
### VIOLATION OF THE TEXAS DEBT COLLECTION ACT

31.    Plaintiff incorporates Paragraphs 1 through 29.

32.    Defendant, AAC, violated Texas Law by using an independent debt collector known to engage in prohibited practices in violation of § 392.306 of the Texas Finance Code.

a.      Damages;

b.      Attorney Fees

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,
THE TREVIÑO LAW FIRM

By: _____/s/ Lu Ann Trevino_____
Lu Ann Treviño
Texas Bar No. 24008180
Federal ID No. 26070
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
(713) 341-7550 - Telephone
(888) 896-2102 - Fax
latrevino@trevino-law.com
**ATTORNEY FOR COMPLAINTANT**